IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO LAMONT MURRAY, *
          *
 Petitioner,     *
          * CV 614-128
 v.        * (Formerly CR 612-005)
          *
UNITED STATES OF AMERICA, *
          *
 Respondent.    *

## O R D E R

Petitioner Antonio Lamont Murray filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on December 29, 2014. Petitioner thoroughly and adequately represented himself in the district court, filing a memorandum in support of his petition and a reply brief. On November 12, 2015, however, the United States Magistrate Judge issued a Report and Recommendation to deny his petition on the merits. Over Petitioner's objections, this Court adopted the Report and Recommendation on January 19, 2016, and closed the case.

Petitioner appealed and moved for a Certificate of Appealability with the Eleventh Circuit. Petitioner again adequately represented himself as evidenced by his coherent motion for a Certificate of Appealability, which resulted in a fifteen-page opinion by the Honorable Beverly B. Martin

denying the motion on the merits. Recently, the Eleventh Circuit has granted Petitioner a sixty-day extension within which to file a motion for reconsideration of Judge Martin's decision.

Presently before this Court is Petitioner's request for a copy of his § 2255 motion (13 pages plus a 16-page memorandum in support) and of the Government's responsive brief (46 pages (140 pages including exhibits)). Petitioner explains that he lost these documents in transport between prisons.

The Court is not unsympathetic to the problems facing a habeas litigant. Nevertheless, an indigent litigant is not entitled to free copies of documents unless they are necessary to decide an issue presented by suit or appeal. See 28 U.S.C. § 753(f)[1] (A defendant may receive a free transcript only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); see also Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of

---

[1] Although Defendant's request for pleadings - not transcripts - is not expressly governed by § 753(f), the standard set forth in § 753(f) may be applied. Similarly, under 28 U.S.C. § 2250, the Court may direct the Clerk to provide copies of documents or parts of the record at Court expense, but a petitioner must demonstrate a particularized need in relation to his habeas claims. See Convington v. United States, 2012 WL 3835085, at *1 (M.D. Fla. Sept. 4, 2012).

a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); United States v. Mitchell, 2008 WL 824226, at *1 (M.D. Fla. Mar. 26, 2008) (A criminal defendant is "not statutorily authorized, as a matter of course, to receive a copy of . . . documents free of charge post-appeal."). Here, Petitioner has already demonstrated his ability to adequately convey his habeas claims to this Court and the Eleventh Circuit, and he has not demonstrated that these documents are necessary to present his motion for reconsideration to the Eleventh Circuit. Moreover, the Eleventh Circuit has the § 2255 motion and the Government's response in its case file.

In short, Defendant's request is outside of the acceptable practices of this Court in providing free copies of documents, particularly where the documents are lengthy and unnecessary. Defendant may always make arrangements with the Clerk's office to pay for the requested documents. Accordingly, Defendant's request (doc. 272) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of May, 2017.

```
                        _____
                        J. RANDAL HALL, CHIEF JUDGE
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF GEORGIA
```